BLD-080                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4107
_____

JERSON ARLEX GALLEGO-GOMEZ,
                                                            Appellant

v.

JOHN J. CLANCY, CHAIRMAN, COMMUNITY EDUCATION CENTERS,
INC.; JOHN DOE, WARDEN; JOHN TSOUKARIS, FIELD OFFICE
DIRECTOR, OFFICE OF DETENTION AND REMOVAL; JANET NAPOLITANO,
SECRETARY OF THE U.S. DEPARTMENT OF HOMELAND SECURITY;
ERIC H. HOLDER, JR., ATTORNEY GENERAL OF THE UNITED STATES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 11-cv-05942)
District Judge:  Honorable Esther Salas
_____

Submitted on Appellees' Motion for Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 30, 2011
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion Filed:  January 17, 2012)
_____

OPINION OF THE COURT
_____

PER CURIAM.

        Jerson Arlex Gallego-Gomez appeals from the order of the District Court

dismissing his petition for a writ of habeas corpus.  Appellees have filed a motion for

summary affirmance. We will grant the motion.

Gallego-Gomez is a citizen of Colombia who entered the United States in 2001 with three of his cousins. The Government charged them as removable for entering without valid documents and attempting to procure entry documents by fraud. See 8 U.S.C. § 1182(a)(6)(C)(i), (a)(7)(A)(i)(I). Gallego-Gomez and his co-respondents conceded the charges but applied for asylum and other relief. An Immigration Judge ("IJ") in Miami, Florida, consolidated their proceedings, denied relief, and ordered their removal on July 29, 2004. It appears that only one of Gallego-Gomez's co-respondents appealed to the Board of Immigration Appeals ("BIA"), but the BIA treated it as an appeal on behalf of Gallego-Gomez as well and dismissed it on November 7, 2005.

Immigration officers arrested Gallego-Gomez in 2011 and have detained him in New Jersey pending his removal. He later filed a motion to reopen with the BIA on the basis of changed country conditions, which the BIA denied on August 29, 2011. He then filed another motion to reopen with the BIA, apparently on the grounds discussed below, along with a motion for a stay of removal. The BIA denied his stay motion on October 7, 2011, but his second motion to reopen apparently remains pending.

Shortly thereafter, Gallego-Gomez instituted the proceeding at issue here by filing a habeas petition addressed to the BIA's order of November 7, 2005. Gallego-Gomez argued that he did not appeal to the BIA or receive notice of any appellate proceeding and that the BIA thus erred in entertaining his purported appeal sua sponte and without notice. He also argued that resort to a habeas petition is necessary because, as he

2

conceded, any petition for review of the BIA's November 7, 2005 order would be long untimely. See 8 U.S.C. § 1252(b)(1). For relief, he asked the District Court to "find that the final order of removal entered against him is without legal force or effect because it was issued without notice[.]"

The District Court solicited responses on the issue of its subject matter jurisdiction, then dismissed Gallego-Gomez's petition for lack of jurisdiction by order entered November 2, 2011. The District Court concluded that it lacks jurisdiction over Gallego-Gomez's habeas petition because a petition for review with the appropriate Court of Appeals is the "sole and exclusive means" to challenge an order of removal. 8 U.S.C. § 1252(a)(5). The District Court further declined to transfer Gallego-Gomez's petition to the United States Court of Appeals for the Eleventh Circuit (the appropriate venue for any petition for review, see 8 U.S.C. § 1252(b)(2)), in light of his concession that any petition for review would be untimely. See 28 U.S.C. § 1631.

As appellees argue, Gallego-Gomez's appeal from this judgment presents no substantial question. See 3d Cir. L.A.R. 27.4 (2010); 3d Cir. IOP 10.6. Gallego-Gomez argues that he is not seeking review of the BIA's order of removal per se, but is instead challenging only the BIA's authority to issue the order in the absence of an actual appeal and notice of the appellate proceeding. Gallego-Gomez, however, expressly seeks invalidation of the BIA's order of removal and relief from removal on that basis. Thus, we agree with the District Court that 8 U.S.C. § 1252(a)(5) divests it of jurisdiction over his petition. See Nnadika v. Att'y Gen., 484 F.3d 626, 632 (3d Cir. 2007) (holding that a

3

challenge based on lack of notice of a removal proceeding constitutes a challenge to the order of removal itself) (citation omitted).[1]

We further agree with the District Court's ruling that there was no basis to transfer Gallego-Gomez's petition to the Eleventh Circuit Court of Appeals because any petition for review of the BIA's November 7, 2005 order would be long untimely. See 8 U.S.C. § 1252(b)(1). Nor was there any other reason to transfer the petition, and Gallego-Gomez does not argue otherwise. Gallego-Gomez raises no challenge to the BIA's subsequent denial of his first motion to reopen on August 29, 2011. And Gallego-Gomez's second motion to reopen apparently remains pending. If the BIA denies that motion, then he can seek review of its decision in the Eleventh Circuit. He can also move the BIA to reissue its November 7, 2005 order to permit him to timely seek review, though we express no opinion on whether reissuance is appropriate.

For these reasons, we will grant appellees' motion and affirm the judgment of the District Court.

---

[1] We also question whether Gallego-Gomez's habeas petition presents a justiciable controversy. If it is true that he did not appeal to the BIA as he asserts, then the IJ's July 29, 2004 order of removal became administratively final when the thirty-day time period for appealing expired—i.e., on August 30, 2004. See 8 C.F.R. §§ 1003.38(b) & 1003.39. Thus, Gallego-Gomez would remain subject to removal pursuant to the IJ's administratively final order of removal even if the BIA's subsequent order were invalidated.

4